E-filing

1  **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2  Name CURRIE ALDRIDGE A.C.
      (Last)       (First)       (Initial)

**FILED**

3  Prisoner Number G-44516

OCT 24 2011

4  Institutional Address D-7-11 / P.O. Box 7500 / Crescent City

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Aldridge Currie
(Enter the full name of plaintiff in this action.)

vs.

Greg Lewis, D

(Enter the full name of respondent(s) or jailor in this action)

Case No. **CV 11 5194**
(To be provided by the clerk of court)

PETITION FOR A WRIT
OF HABEAS CORPUS **CRB**

**(PR)**

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS      - 1 -

1 | Who to Name as Respondent

2 | You must name the person in whose actual custody you are. This usually means the Warden or
3 | jailor. Do not name the State of California, a city, a county or the superior court of the county in which
4 | you are imprisoned or by whom you were convicted and sentenced. These are not proper
5 | respondents.

6 | If you are not presently in custody pursuant to the state judgment against which you seek relief
7 | but may be subject to such custody in the future (e.g., detainers), you must name the person in whose
8 | custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack
9 | was entered.

10 | A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11 | 1. What sentence are you challenging in this petition?

12 | (a) Name and location of court that imposed sentence (for example; Alameda
13 | County Superior Court, Oakland):
14 | <u>Contra Costa County Superior Court</u>    <u>Martinez</u>
15 | Court                                              Location

16 | (b) Case number, if known <u>Contra Costa County No. 9624073</u>

17 | (c) Date and terms of sentence <u>29 years to Life</u>

18 | (d) Are you now in custody serving this term? (Custody means being in jail, on
19 | parole or probation, etc.)   Yes <u>X</u>   No ____

20 | Where?
21 | Name of Institution: <u>Pelican Bay State Prison</u>
22 | Address: <u>P.O. Box 7500, Crescent City, CA. 95531</u>

23 | 2. For what crime were you given this sentence? (If your petition challenges a sentence for
24 | more than one crime, list each crime separately using Penal Code numbers if known. If you are
25 | challenging more than one sentence, you should file a different petition for each sentence.)
26 | <u>Count one - Second degree murder / 1203.06(A)(1).</u>
27 | <u>Count two - Attempted Robbery (§§ 211, 212.5(c) / 664 - (§ 12022.5(A)</u>
28 | <u>Count three - (§ 12021 (A)(1) And additional, 1203.06 (A)(1)</u>

PET. FOR WRIT OF HAB. CORPUS          - 2 -

1  3. Did you have any of the following?

2       Arraignment:                                      Yes _X_    No _____

3       Preliminary Hearing:                              Yes _X_    No _____

4       Motion to Suppress:                               Yes _X_    No _____

5  4. How did you plead?

6       Guilty _____   Not Guilty _X_   Nolo Contendere _____

7       Any other plea (specify) _____

8  5. If you went to trial, what kind of trial did you have?

9       Jury _X_    Judge alone _____    Judge alone on a transcript _____

10 6. Did you testify at your trial?                     Yes _X_    No _____

11 7. Did you have an attorney at the following proceedings:

12      (a)   Arraignment                                Yes _X_    No _____

13      (b)   Preliminary hearing                        Yes _X_    No _____

14      (c)   Time of plea                               Yes _X_    No _____

15      (d)   Trial                                      Yes _X_    No _____

16      (e)   Sentencing                                 Yes _X_    No _____

17      (f)   Appeal                                     Yes _X_    No _____

18      (g)   Other post-conviction proceeding           Yes _X_    No _____

19 8. Did you appeal your conviction?                    Yes _X_    No _____

20      (a)   If you did, to what court(s) did you appeal?

21            Court of Appeal                            Yes _X_    No _____

22            Year: 3-1-2010   Result: DENIED / Modified

23            Supreme Court of California                Yes _____  No _____

24            Year: 1-10-11    Result: DENIED

25            Any other court                            Yes _____  No _____

26            Year: _____    Result: _____

27

28      (b)   If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS          - 3 -

| | | | | |
|---|---|---|---|---|
| | | petition? | Yes X | No ___ |
| | (c) | Was there an opinion? | Yes X | No ___ |
| | (d) | Did you seek permission to file a late appeal under Rule 31(a)? | | |
| | | | Yes ___ | No X  Not that I am aware of |

If you did, give the name of the court and the result:

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?   Yes ___   No X

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

 (a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

  I. Name of Court: _____

   Type of Proceeding: _____

   Grounds raised (Be brief but specific):

    a._____

    b._____

    c._____

    d._____

   Result: _____ Date of Result: _____

  II. Name of Court: _____

   Type of Proceeding: _____

   Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS  - 4 -

| | | | |
|---|---|---|---|
| 1 | | | a._____ |
| 2 | | | b._____ |
| 3 | | | c._____ |
| 4 | | | d._____ |
| 5 | | | Result:_____ Date of Result:_____ |
| 6 | | III. | Name of Court:_____ |
| 7 | | | Type of Proceeding:_____ |
| 8 | | | Grounds raised (Be brief but specific): |
| 9 | | | a._____ |
| 10 | | | b._____ |
| 11 | | | c._____ |
| 12 | | | d._____ |
| 13 | | | Result:_____ Date of Result:_____ |
| 14 | | IV. | Name of Court:_____ |
| 15 | | | Type of Proceeding:_____ |
| 16 | | | Grounds raised (Be brief but specific): |
| 17 | | | a._____ |
| 18 | | | b._____ |
| 19 | | | c._____ |
| 20 | | | d._____ |
| 21 | | | Result:_____ Date of Result:_____ |
| 22 | (b) | | Is any petition, appeal or other post-conviction proceeding now pending in any court? |
| 23 | | | Yes_____ No_____ |
| 24 | | | Name and location of court:_____ |

25 B. GROUNDS FOR RELIEF

26     State briefly every reason that you believe you are being confined unlawfully. Give facts to
27 support each claim. For example, what legal right or privilege were you denied? What happened?
28 Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS      - 5 -

1 need more space. Answer the same questions for each claim.

2 [Note: You must present ALL your claims in your first federal habeas petition. Subsequent
3 petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,
4 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: SEE PAGE 6-A, Claim one (ARgument #1'S

Supporting Facts: SEE PAGE 6-A, Supporting Facts.

Claim Two: SEE PAGE 6-B, Claim Two/Argument #2

Supporting Facts: SEE PAGE 6-B, Claim Two/Supporting Facts

Claim Three: SEE PAGE 6-C, Claim Three/Argument #3

Supporting Facts:

Appellant has 6 claims, SEE pages 6-D, 6-E And 6-F. for last 3 claims/Arguments.

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

PET. FOR WRIT OF HAB. CORPUS        - 6 -

P. 6-A-1

### Claim One / Argument #1

Appellant's Rights To Trial By An Impartial Jury And Equal Protection Under The Sixth And Fourteenth Amendments Were Violated When The Trial Court Overruled Appellant's Batson/Wheeler Objection To The Prosecutor's Peremptory Challenge Of Juror #18.

Supporting Facts:

Appellant was arrested on July 12, 1995, and charged with First degree murder. On July 30, 1998 appellant was convicted of Second degree murder and attempted Robbery, unlawful possession of a firearm by a felon, and the jury found that petitioner had used a firearm in the commission of the crimes of murder and attempted Robbery. The California Court of Appeals affirmed the judgment of conviction (People v. Currie A084426, Jan. 30, 2001: The Supreme Court of California denied Review.

On December 19, 2003, the U.S. District Court denied appellants petition for Writ of Habeas Corpus. (Currie v. Adams (N.D. 2003) 2003 WL 23025444 [unpublished].) The United States Court of Appeals, Ninth Circuit, reversed and granted relief under Batson v. Kentuck (1986) 476 U.S. 79 [106 S.Ct. 1712, 90 L.Ed.2d 69]. (Currie v. Adams (9th Cir. 2005) 149 Fed. Appx. 615, 2005 WL 2187271: 1CT 228 [judgment].) And ordered a new trial.

Jury trial began on May 12, 2008. (2CT 403.) On May 19, 2008, the trial court granted mistrial on the ground the prosecution committed Batson/Wheeler error again. (2CT 408-409; 2RT 311-340.)

On June 10, 2008, the trial court heard and denied the the defense motion to Recuse Deputy District Attorney Brown and the District Attorney Office based on the prosecutor's history of challenging African-American jurors. (Supp CT 76-128; 2CT 419-424; 2CT 419-424 [Declaration of defense counsel]; 2RT 400-429.)

During jury selection on June 18, 2008, the defense objected on Batson/

P.6-A-2

Wheeler grounds to prosecutor Brown's peremptory challenge of prospective juror No. 18, "Ms. J.", the last remaining African-American prospective juror. (3CT 734-735; 809; 2 Aug RT 397 [peremptory challenge], 398-400 [defense objection].) The court overruled the objection, as more fully set forth in Argument 1. (3CT 734; 2 Aug RT 400-405.)

On June 18, 2008 the California Court of Appeal summarily denied appellant's petition for Writ of Mandate/Prohibition and Request for stay, appealing denial of the defense motion to recuse the prosecutor and his office. (3CT 737 [A121 845].

During jury selection, appellant, who is African-American, objected to prosecutor Brown's exercise of a peremptory challenge against the last remaining African-American prospective juror. (Batson V. Kentucky (1986) 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69; People V. Wheeler (1978) 22 Cal.3d 258, 148 Cal.Rptr. 890, 583, P.2d 748.) The trial court erred when it applied a merits test, to rule that appellant had failed to show a prima facie case of purposeful discrimination. The trial court's finding that the prosecutor's actual reasons for excluding prospective juror Ms. J. were race-neutral was unsupportable— the prosecutor's stated reasons do not hold up when the record is examined. The only way to remedy the violation of appellant's federal and state constitutional rights is to set aside his convictions.

P. 6-B-1

Claim #2 / Argument #2

The State Improperly Acquired Information And Invaded The Defense Camp Just Before Trial By Searching Appellant's Cell And Legal Papers Without A Warrant. This Violated Appellant's State And Federal Constitutional Rights To Counsel, Fourteenth Amendment Right To Fair Trial, And Fourth Amendment Rights To Be Free Of Unreasonable Searches And Seizures, And Requires Invalidating Appellant's Convictions And Dismissing The Charges.

Supporting Facts:

On June 19, 2008 the defense filed a motion to dismiss the case, suppress evidence, and recuse based on the government's warrantless search of defendant's cell on June 12, 2008, in which defense trial notes and investigative reports were allegedly read, removed, and/or photographed, as more fully set forth in this Argument. (Argument 2, infra. (3CT 712-731; 2RT 443-447, 507.)

Initially the prosecutor represented to the court that "I don't understand who actually conducted the search or the basis upon which the search was conducted," and implied the Sheriffs Department was responsible. (2RT 455-456; 3CT 713.) When it became apparent that was erroneous, the prosecutor requested an ex parte, in camera hearing, based only on his statement that "it's necessary" (2RT 456; 3CT 713.) This was granted over defense objection and held on June 16, 2008. (2RT 457-460; 3CT 713-714.) After holding an in camera hearing, the court disclosed that a search was conducted by an inspector from the District Attorney's office, at the direction of Mr. Brown. (2RT 472-473, 496-498.)

Over defense objection, at the section 402 hearing the court barred as privileged, all questions concerning the purpose of the search, the nature of the investigator's interview of an inmate preceding the search, whether the interview was related to appellant's case, or the timing between the interview and the search. (2RT

P.
6-B-2

475-476, 482-489; 6RT 1306-1309, 1312, 1324.)

    Appellant showed a prima facie case that the prosecution intruded into Appellant's attorney/client relationship when it orchestrated a warrantless search of Appellant's cell four days before the start of trial. The state failed to carry its burden of persuasion that the interference with Appellant's Federal Constitutional Rights to counsel caused no prejudice. Because there is no other remedy for the intrusion, Appellant's convictions should be reversed.

P. 6-C-1

## Claim #3 / Argument #3
Appellant Requests The Court To Independently Review The Sealed Portion of The In Camera Hearing Transcript To Determine Whether The Trial Court Sufficiently Tested The Matter It Withheld From The Defense As "Privileged" Under Evidence Code Section 1041, Giving Due Consideration For Appellants Rights Of Constitutional Dimension.

Defense counsel requested discovery of all that had been seized in the warrantless search of appellants cell, including photographs taken, and the theory for the warrantless search and filed motions seeking relief from violation of appellants state and federal constitutional rights to counsel, fair trial, and freedom from unreasonable searches and seizures (Fourth, Sixth, and Fourteenth Amendments. (3CT 712-731; 2 RT 443-447, 458, 483, 501.)

Appellant seeks review by this Court of the sealed in camera hearing transcript held on June 16, 2008, to determine whether the trial court sufficiently tested the matter it withheld from the defense as "privileged" under Evidence Code section 1040 or 1041 as necessary to protect the identity of the confidential information giving due consideration to appellants due process right to discover information relevant to its claimed violation of his constitutional rights.

The transcript is material to the issues discussed in Argument 2, supra. Pertinent material would include prosecution statements respecting the purpose of the warrantless cell search, the nature of the investigators interview of an inmate preceding the search, the relationship of the interview to appellant's case, and the timing between the interview and the search—all matters which the trial court expressly barred the defense from examining the investigators about in the section 402 hearing. (See Arg. 2, B, supra.)

Appellants due process rights compelling disclosure were fully the equivalent of the defendants due process right in Seibel, supra, 219 Cal.App.3d at pp. 1294-1295.) Appellant

14

P.6-C-2

was entitled to the opportunity to be heard under the due process clause (see Crane v. Kentucky (1986) 476 U.S. 683, 690 [106 S.Ct. 2142, 90 L.Ed.2d 636].) Denial of the right of effective cross-examination" would be constitutional error of the first magnitude. These rights would be empty if the prosecution were allowed to unnecessarily conceal information relevant to appellant's claims that the prosecution intruded on his attorney/client privilege and the remedies sought as appropriate for that intrusion.

If this Court concludes after its review that relevant matter was improperly withheld from appellant, the remedy is to reverse appellant's convictions and remand.

P. 6-D-1

Claim #4 / Argument #4

The Trial Court Abused Its Discretion When It Ruled That Appellant Failed To Demonstrate A Reasonable Likelihood That He Could Not Receive A Fair Trial And Denied Appellant's Motion To Recuse The Prosecutor And His Office, Violating The State's Statutory Standard And Appellant's Federal Constitutional Right To Due Process, Under The Fourteenth Amendment.

Supporting Facts:

Defense filed on May 23, 2008 a motion to Recuse the prosecutor and the District Attorney's office, based on personal bias that precluded the prosecutor from the even-handed exercise of his discretion, which rendered it unlikely Appellant would receive a fair trial, under Penal Code section 1424. (Supp CT 76-128; 2CT 419-424; 2CT 419-424 [Defense Counsel's Declaration].) As evidence of an underlying personal bias against Appellant, the defense cited the continued pattern of removing African-American prospective jurors from the jury panels and refusing to exercise discretion in an even-handed manner, reflected in the case history spanning 13 years.

Prosecutor Brown used pretextual reasons to strike Prospective Juror No. 210, an African-American, in the first trial of this case. In reversing, the Ninth Circuit expressed incredulity at the prosecutor's proffered justification. (Currie, supra, (Supp CT 89-94 [Currie V. Adams, supra, 149 Fed. Appx. 615, 620].) (The Trial court judicially noticed the opinion. (2RT 401)

In the first effort to retry the instant case, prosecutor Brown again used his peremptory challenge to strike an African-American prospective juror on May 19, 2008. The trial court determined that prosecutor Brown failed to state a race-neutral reason for excluding the prospective juror, and declared a mistrial. (2CT 408-409; 2RT 311-340, 328-329.)

p.6-D-2

Prosecutor Brown used a pretextual reason for striking an African-American prospective juror in People v. Johnson. (Johnson v. California, supra, 545 U.S. 162.) After the High Court remanded Johnson to the trial court, after hearing, the Superior Court concluded there is "serious doubt" that prosecutor Brown's reason for excluding an African-American prospective juror in that case was race-neutral and vacated the conviction. (Supp CT 96-100 [People v. Johnson, Contra Costa County No. 960691-4, order dated February 26, 2008].) (The trial court judicially noticed the opinion. (2RT 40.)

Prior defense counsel in appellant's first trial, Oscar Bobrow, saw additional evidence that prosecutor Brown was personally biased against appellant in the exercise of his prosecutorial discretion. In support of his motion to recuse Bobrow stated that prosecutor Brown considered leaving the employment of the District Attorney's office because his superior decided not to file the case in Superior Court after the first preliminary hearing. (1CT 464-466.) After the charges were refiled and a second preliminary hearing was held, with authorization directly from the District Attorney, outranking the superior who initially blocked filing charges, prosecutor Brown filed an information alleging special circumstances and seeking the death penalty for first-degree murder and second-degree robbery charges. (Id. at 465.) Prosecutor Brown told Bobrow "he would see to it that there was 'never' an offer of a manslaughter made to Mr. Currie". (Ibid.)

As further evidence that prosecutor Brown and his office were personally biased against appellant, defense counsel Mr. Markowitz cited this admission by Brown as consistent with his own more recent experience of having prosecutor Brown completely rebuff Markowitz's efforts to negotiate settlement of the case (Supp CT 103-128, 118-120 [Notice of Motion and Motion for Recusal and Dismissal, etc. Declaration of Counsel (Bobrow)]; 2CT 419-424 [Markowitz Declaration]; 2RT 406-407.)

Markowitz's Declaration added as further evidence of personal prejudice the disparate treatment between the refusal to resolve appellant's case with a lesser

P.6-D-3

plea and the prosecutor's treatment of Mr. Johnson, who was charged with murdering a child, but whose case after remand was resolved by a plea to the reduced charge of manslaughter. (2CT 423.)

The trial court's denial of appellant's motions to recuse the prosecutor and his office was based on erroneous legal standards. The court's failure to enforce section 1424, providing the applicable recusal process, violated appellant's federal constitutional right to due process. Reversal of appellant's convictions is required either because the error is structural, or because it is reasonably probably that absent the error, a more favorable outcome for appellant would have resulted.

P.6-E-1

## Claim #5 / Argument #5
### The Trial Court Erroneously Admitted Highly Prejudicial Evidence Of Appellant's Prior Acts Of Violence Under Evidence Code Section 1103(b)

Summary of Argument.

Over defense objection the trial court permitted the prosecution to introduce evidence of Appellant's character for violence under Evidence Code section 1103(b) ("§ 1103(b)"), because the defense "opened the door" by adducing evidence that Maldonado carried a gun at all times, which the court viewed as evidence of Maldonado's character for violence. The ruling was erroneous because it was factually unsupported and section 1103(b) was not triggered by the evidence adduced.

Appellant moved in limine to bifurcate the prior prison convictions; to preclude any mention of his prior trial, and to exclude all reference to his prior record and prior contacts with police in any aspect of the case. (2 CT 383-385.) Defense counsel made every effort to avoid triggering Evidence Code section 1103(b). (3 CT 809.)

The evidence erroneously admitted was qualitatively different than the evidence of prior convictions admitted as impeachment - conspiracy to commit drug sales (§ 11379), and an uncharged strong-arm robbery allegation on May 23, 1998. (10 RT 2136, 2210 2212, 2239-2243.) It was the admission of live testimony describing threats of "crushing", beating, and "getting even" that painted a clear picture to the jury that regardless of the charges on which Appellant was being tried, he was a thug with a long criminal history who should remain behind bars for the foreseeable future.

Because the court's ruling improperly admitted highly prejudicial propensity evidence of Appellant's character for violence, Appellant's convictions should be reversed.

P.6-F

## Claim #6 / Argument #6.
## The Cumulative Effect Of The Errors Requires Reversal Of Appellant's Convictions.

In arguments 1 to 5, Appellant contended that each error requires reversal, when viewed in isolation. In addition, when multiple errors occur, their effects are to be viewed cumulatively. Similarly, the cumulative effect of multiple errors, even errors of state law, has been held to deny a defendant the right to a fair trial and due process of law, under the Fourteenth Amendment.

Appellant was tried by a jury on which sat not a single African-American juror, after Prosecutor Brown peremptorily challenged the last such prospective juror who shared Appellant's race. Despite the fact that prosecutor Brown had struck all prospective African American jurors in the prior trial, for which convictions had been reversed by the Ninth Circuit, one subsequent mistrial, and again in the present trial leading to convictions, plus the trial court denied defense counsel's efforts to recuse prosecutor Brown for bias, and his office for failing to replace the prosecutor.

Four days before trial, investigators from the D.A.'s office conducted a warrantless search of Appellant's cell, laying their eyes on all of his papers, including his confidential trial, and case, and witness examination notes prepared for defense counsel, and at least one defense investigator's report. The intrusion undermined Appellant's confidence in his attorney and the privacy of their communications.

Finally, during trial, the trial court erroneously admitted highly prejudicial testimony of uncharged violent conduct and threats that Mr. Currie allegedly engaged in while in custody. The testimony undermined his defense of self-defense. The record shows that the jury lingered over this issue. Appellant submits that if any error alone is not sufficient to require reversal, reversal is required when the errors are viewed cumulatively.

1     List, by name and citation only, any cases that you think are close factually to yours so that they
2 are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3 of these cases:
4     SEE pages 7-A-1 And 7-A-2. Cases And Citations
5     for list of Federal cases. (And State Cases, Table of Authorities.
6     Continue on pages 7-A-1 And 7-A-2, And 7-A-3
7 Do you have an attorney for this petition?     Yes_____   No _X_
8 If you do, give the name and address of your attorney:
9
10     WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11 this proceeding. I verify under penalty of perjury that the foregoing is true and correct.
12
13 Executed on 10-14-11                                Aldridge Currie
14             Date                                       Signature of Petitioner

20 (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS      - 7 -

NAME Aldridge Currie
CDC NO. G-44516  HOUSING D-7-L-11

PELICAN BAY STATE PRISON
SHU LAW LIBRARY
PO BOX 7500
CRESCENT CITY, CA. 95532

RECEIVED
OCT 21 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532

Priority Mail
ComBasPrice



U.S. Northern Dist. of Ca.
U.S. Courthouse
450 Golden Gate Ave.
San Francisco, Ca. 94102-3483

UNITED STATES POSTAGE
$05.08
MAILED FROM ZIPCODE 95531
OCT 17 2011

c/o R Tavera
46854

10-14-11